■ PERFECT FIT INDUSTRIES, INC., Respondent, v GUILFORD MILLS, INC., Appellant.—Order, Supreme Court, New York County, entered May 8, 1975 unanimously modified, on the law, to deny plaintiff's motion for summary judgment on the first cause of action and as so modified the order is affirmed with $60 costs and disbursements of this appeal to abide the event. Considering the entire record, including the various letters between the parties, we find, for essentially the same reasons as stated in the opinion of Special Term, that a "valid and completed sales agreement" was entered into. Moreover, we also find that the terms and conditions of the agreement were those contained in the letter of February 16, 1973, such, however, being

modified by the letter dated April 2, 1973. We conclude, however, that summary judgment on the first cause of action should have been denied since there are factual issues as to whether defendant did breach the agreement. Special Term concluded, in effect, that defendant failed to perform pursuant to the terms of the agreement because of the delays in delivery of the fabric. But, it cannot be said as a matter of law that any delays which did occur constituted a breach. Although the letter of April 2, 1973 referred to June 30, 1973, such was merely the date which defendant "expect[ed] to produce and ship all of [the fabrics]." And, it was stated that if there was a failure to deliver by that date, defendant would, nevertheless, be obligated to complete the order (for four million square yards and 745,000 square yards of fabric) at the lower price levels referred to in the letter of April 2, 1973, and not at the new and advanced price schedule also set forth in that letter. Hence, it would appear that a flexible delivery schedule was contemplated and that delivery beyond June 30, 1973 was anticipated. Under all the above circumstances, as well as the fact that defendant made a partial delivery of the fabric and allegedly tendered the balance, resolution of whether there was a failure to timely deliver within a reasonable time must await full trial. Concur—Kupferman, J. P., Lupiano, Tilzer, Capozzoli and Lane, JJ.